FILED
DECEMBER 21, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE GUZMAN
MAGISTRATE JUDGE COLE

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and HOWARD McDOUGALL, trustee,<br><br>    Plaintiffs,<br><br>v.<br><br>HOMBERGER TRUCKING, INC., an Ohio corporation,<br><br>    Defendant. | Case No. **07 C 7206**<br><br>Judge<br><br>Magistrate Judge |

### COMPLAINT

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"), Central States Southeast and Southwest Areas Health and Welfare Fund ("Health Fund"), and Howard McDougall, one of their present trustees, for their cause of action against Defendant Homberger Trucking, Inc., an Ohio corporation ("Homberger"), allege as follows:

1.  This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., and is a suit to recover employer contributions owed to the Trustees of the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and the Central States Southeast and Southwest Areas Health and Welfare Fund ("Health and Welfare Fund").

2. This Court has jurisdiction over this action pursuant to §§502(e) and 502(f) of ERISA, 29 U.S.C. §§1132(e) and 1132(f).

3. The Pension Fund and Health Fund are administered in their principal place of business located in Rosemont, Illinois. Venue is proper in this District under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2). Venue is also proper in this District under the forum selection clause of the Pension Fund Trust Agreement and the Health Fund Trust Agreement ("Trust Agreements").

## PARTIES AND RELATIONSHIP

4. Plaintiff Pension Fund is a multiemployer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37) and an employee benefit plan within the meaning of 3(3) of ERISA, 29 U.S.C. §1002(3).

5. Plaintiff Health Fund is an employee benefit plan within the meaning of 3(3) of ERISA, 29 U.S.C. §1002(3).

6. The Pension and Health Funds are primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers.

7. All principal and income from such contributions and investments thereof are held and used for the exclusive purpose of providing pension and health and welfare benefits to participants and beneficiaries of the Funds and paying the administrative expenses that arise therefrom.

8. Plaintiff Howard McDougall is a trustee and a "fiduciary" of the Pension and Health Funds within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Trustees administer both the Pension and Health Funds at 9377 West Higgins Road, Rosemont, Illinois 60018.

9. Pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), the Trustees, including Plaintiff Howard McDougall, are authorized to bring this action on behalf of the Pension and Health Funds, their participants, and beneficiaries for the purpose of collecting delinquent employer contributions.

10. Defendant Homberger is an Ohio corporation and an "employer" and a "party-in-interest" as those terms are defined, respectively by §§3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§1002(5) and 1002(14)(C).

11. Local Union No. 20 ("Local 20") of the IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of Homberger and employees of other employers in industries affecting interstate commerce.

**CERTAIN RELEVANT BACKGROUND EVENTS**

12. Defendant entered into and agreed to be bound by a collective bargaining agreement with Local 20, effective from April 1, 2003 through March 31, 2008, pursuant to which Homberger agreed to pay contributions to the Pension and Health Funds on behalf of certain covered employees.

13. Defendant also entered into a Participation Agreement with Local 20 that requires Homberger to pay contributions to the Pension and Health Funds.

14. Defendant also agreed to be bound by the Trust Agreements, which require Defendant Homberger to "make continuing and prompt payments to the [Pension and Health Funds] as required by the applicable collective bargaining agreement."

15. The Pension and Health Funds rely upon participating employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility.

16. The self-reporting system requires participating employers such as Defendant Homberger to identify those employees for whom contributions are owed and requires the employers to identify the weeks and/or days worked by the eligible employees.

17. During the period of June 2007 through November 2007, Defendant reported the work history of its employees to the Pension Fund.

18. During the period of September 2007 through October 2007, Defendant reported the work history of its employees to the Health Fund.

19. The Trust Agreements[1] provide, in part, that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from his obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions, [withdrawal liability] or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer, in accordance with the

---

[1] The bracketed words appear only in the Pension Fund Trust Agreement.

preceding sentence, shall be computed and charged to the Employer at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged. Any judgment against an employer for contributions [or withdrawal liability] owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions [or withdrawal liability]. The interest rate after entry of a judgment against an Employer for contributions [or withdrawal liability] shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually.

## STATUTORY AUTHORITY

20. ERISA §515, 29 U.S.C. §1145 provides that:

   Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

21. ERISA §502(g)(2), 29 U.S.C. §1132(g)(2), provides that:

   (2)   In any action under this title by a fiduciary for or on behalf of a plan to enforce §515 in which a judgment in favor of the plan is awarded, the court shall award the plan –

      (A)   the unpaid contributions,

      (B)   interest on the unpaid contributions,

  (C) an amount equal to the greater of –

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

  (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

  (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under §6621 of the Internal Revenue Code of 1954.

## STATUTORY AND CONTRACTUAL VIOLATIONS

22. Homberger has breached the provisions of ERISA, the collective bargaining agreement, the participation agreement, and the Trust Agreements by failing to pay all of the contributions (and interest due thereon) that the employee work history it reported to the Pension and Health Funds revealed to be owed for the period June 2007 through November 2007.

23. Despite demands that Homberger perform its statutory and contractual obligations with respect to making contributions to the Pension and Health Funds, Homberger has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 22.

24.   Defendant Homberger owes to the Pension Fund in excess of $24,004.67 for unpaid contributions and accumulated interest through December 21, 2007 as a result of the conduct set forth in paragraph 22.

25.   Defendant owes to the Health Fund in excess of $7,115.22 for unpaid contributions and accumulated interest through December 21, 2007 as a result of the conduct set forth in paragraph 22.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, Central States Southeast and Southwest Areas Health and Welfare Fund, and Howard McDougall, Trustee, request the following relief against Defendant Homberger Trucking, Inc., an Ohio corporation:

(a)   A judgment against Homberger in favor of the Pension and Health Funds for all contributions that are owed as of the date of the judgment based upon employee work history reported by Homberger plus the greater of double interest or single interest plus liquidated damages and all attorneys' fees and costs incurred by the Pension and Health Funds in connection with this action;

(b)   Post-judgment interest at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged;

(c)   That this Court retain jurisdiction pending compliance with its orders; and

(d)     Such further or different relief as the Court may deem proper and just.

Respectfully submitted,

/s/ Laura B. Bacon
Laura B. Bacon
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Health and Welfare
and Pension Funds
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois  60018-4938
(847) 518-9800, Ext. 3704
ARDC # 6288982
lbacon@centralstatesfunds.org